UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON A. BRADEN,

                Plaintiff,

v.

WISCONSIN COMMUNITY
SERVICES and JOHNATHAN
REINKE,

                Defendants.

Case No. 23-CV-882-JPS

**ORDER**

      Plaintiff Jason A. Braden, an inmate confined at Oakhill Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional and state law rights. ECF No. 1. On September 22, 2023, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 8. This Order screens Plaintiff's amended complaint, ECF No. 9.

**1.    SCREENING THE AMENDED COMPLAINT**

    **1.1    Federal Screening Standard**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil

Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff names Wisconsin Community Services and Johnathan Reinke ("Reinke"), as defendants. ECF No. 9 at 2. Plaintiff alleges that Reinke committed perjury by giving false information to Jefferson County Courts. *Id.* at 2. Plaintiff received a bad breath test because of faulty equipment and Reinke knew this. *Id.* Plaintiff alleges that Wisconsin Community Service is not a state agency but includes no other facts about this defendant. *Id.* Plaintiff claims this is defamation of character and

Page 2 of 5
Case 2:23-cv-00882-JPS    Filed 10/25/23    Page 2 of 5    Document 10

negligence for Defendants' failure to keep proper working equipment. *Id.* Plaintiff had scarring on both legs because of bracelets on both legs. *Id.*

### 1.3 Analysis

First, the Court finds that Plaintiff may not proceed on a federal claim against Defendant Wisconsin Community Services. Plaintiff affirmatively states that Wisconsin Community Services is not a state agency, and there are no facts in the amended complaint suggesting it is a state actor for the purposes of § 1983. Even assuming that Wisconsin Community Services had a contract with the state to be treated like a state actor, under § 1983, a plaintiff cannot hold one person liable for the misconduct of another and cannot sue a private corporate employer for the misconduct of the employees unless the plaintiff can show "that his injury was caused by a [corporate] policy, custom, or practice…." *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). Plaintiff has not alleged that Wisconsin Community Services had such a policy, custom, or practice, nor has he alleged a pattern of bad acts raising the inference of such a policy. As such, the Court finds that Plaintiff may not proceed against Wisconsin Community Services.

Second, and as to Defendant Reinke, the allegations in Plaintiff's amended complaint are far too vague for the Court to discern a federal claim. Again, the Court is unable to determine from Plaintiff's allegations whether Reinke is a state actor for the purposes of § 1983. To state a claim under 42 U.S.C §1983, a plaintiff must allege the deprivation of a right secured by the Constitution or the laws of United States. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). In addition, the alleged deprivation must have been committed by a person acting under the color of state law, which means the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is

clothed with the authority of state law." *Id.* Here, Plaintiff has not pled sufficient facts for the Court to discern that Reinke is a state actor. And, even if he was, the Court finds that the vague factual allegations against Reinke are insufficient to state a claim. Plaintiff's allegations do not allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. As such, Plaintiff may not proceed on any federal claim against Reinke.

In sum, the Court finds that Plaintiff's amended complaint fails to state a federal claim upon which relief may be granted. Despite the Court's guidance, the amended complaint contains even less factual detail and make conclusory allegations. The Court has allowed Plaintiff the opportunity to amend his complaint and has provided guidance as to how Plaintiff could successfully do so. As such, the Court finds that further amendment to state a federal claim would be futile. Although Plaintiff makes clear that he wishes to pursue a defamation of character claim and a negligence claim against Defendants, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law claims. *See* 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The Court will accordingly dismiss this action for lack of subject-matter jurisdiction. Plaintiff may choose to pursue his state claims in state court if he so chooses.

### 2. CONCLUSION

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2023.

BY THE COURT:

*signature*

J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.